IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:22-cv-415

| | |
|---|---|
| KERRI M. OLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | **(Jury Trial Requested)** |
| ) | |
| LENDMARK FINANCIAL SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

NOW COMES Plaintiff Kerri M. Oliver ("Ms. Oliver"), by and through undersigned counsel, and hereby alleges the following against Defendant Lendmark Financial Services, LLC ("Lendmark"):

## I. PRELIMINARY STATEMENT

1. This is an action brought under Title VII of the Civil Rights Act of 1964 and 1991, as amended, for compensation for lost wages and other injuries caused by Lendmark's discrimination against Ms. Oliver because of her sex. Ms. Oliver was subjected to sexual harassment and a hostile work environment about which she complained and for which she was terminated.

## II. JURISDICTION & VENUE

2. Ms. Oliver seeks legal, equitable, and declaratory relief under Section 706 of Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000 et seq. (as amended) (hereinafter "Title VII"). Jurisdiction is conferred upon this Court by 29 U.S.C. §§ 2000a-6(a); 2000e-5(f), 28 U.S.C. §§ 1331 and 1337.

3. The unlawful acts delineated herein occurred in Wake County, North Carolina and within the Eastern District of North Carolina.

4. Venue is appropriate within this district pursuant to 28 U.S.C. § 1391.

5. Ms. Oliver timely filed a <u>Charge of Discrimination</u> against Lendmark [EEOC Charge No. 433-2022-00171] with the Equal Employment Opportunity Commission ("EEOC") on November 3, 2021, a copy of which is attached hereto as **Exhibit A**.

6. The EEOC issued a <u>Dismissal and Notice of Rights</u>, on July 13, 2022, a copy of which is attached hereto as **Exhibit B**. Ms. Oliver has complied fully with all jurisdictional requisites necessary to proceed in this court under Title II.

### III. PARTIES

7. Ms. Oliver is a female citizen of the United States who was employed by Lendmark at its Raleigh, Wake County, North Carolina branch, when Lendmark unlawfully fired her.

8. Defendant Lendmark is a Georgia corporation doing business in North Carolina.

9. Lendmark violated the provisions of Section 703 and 704 of Title VII, 42 U.S.C. § 2000e-2(a) (sex discrimination and harassment) and 42 U.S.C. § 2000e-3(a) (retaliation) by firing Plaintiff and otherwise discriminating against her with respect to the terms, conditions, and privileges of her employment because of her sex, and by retaliating against her as detailed in the following paragraphs.

### IV. FACTS

10. Ms. Oliver began working for Lendmark on or about January 5, 2015, in the Customer Service Representative position.

11. In May 2016, Ms. Oliver was promoted to Assistant Manager position.

12. In April 2017, Ms. Oliver was promoted to Branch Manager position.

13. Ms. Oliver has a record of exemplary job performance at Lendmark.

14. Despite her excellent job performance, Ms. Oliver was fired on or about May 18, 2021.

15. Lendmark then-Vice President David Fleming, one of the primary people involved in the decision to fire Ms. Oliver, made sexual advances towards Ms. Oliver, which she rebuffed.

16. Specifically, at the formal night of a manager's meeting in February 2020, Mr. Fleming told Ms. Oliver to call him "daddy" and introduce her to another person as "her daddy."

17. Later that night Mr. Fleming told Ms. Oliver multiple times he wanted to make love to her.

18. Mr. Fleming hugged Ms. Oliver in the elevator and kissed her cheek in a very sensual way. Ms. Oliver told him "no, no, that's not happening." Mr. Fleming then told Ms. Oliver that if she changed her mind to text him.

19. Mr. Fleming has a history of "grooming" women in the company.

20. Mr. Fleming dated a subordinate employee at Lendmark and is now married to her.

21. Mr. Dennis Wooten, Ms. Oliver's former manager, also made multiple sexual advances towards Ms. Oliver.

22. Conversations about managers' sex lives were a topic of conversation, and the upper management did little if anything to correct these behaviors.

23. The Lendmark corporate culture is extremely permissive in allowing sex harassment in the workplace.

24. In April 2021, Mr. Fleming initiated an investigation of Ms. Oliver that pertained to whether she had a personal relationship with Assistant Vice President Ryan Wilson.

25. Mr. Fleming claimed that he was he was concerned about nepotism.

26. However, Mr. Fleming was, in fact, motivated by jealous anger at the idea that another Lendmark manager might be having the personal relationship with Ms. Oliver.

27. In the court of the investigation, Ms. Oliver had a series of conversations with the Lendmark HR Department, and Ms. Oliver reported that Mr. Fleming had harassed her.

28. Lendmark fired Ms. Oliver on the pretext that her statements in the investigation were purportedly inconsistent.

## V. FIRST TITLE VII CLAIM FOR RELIEF

**(Sexual Harassment)**

29. Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-5(f) *et seq.* prohibits discriminatory treatment in employment on the basis of sex, sexual harassment, and a hostile workplace environment.

30. The conduct and communication of Lendmark, and its agents, representatives and employees, substantially interfered with the employment of Ms. Oliver; and created an intimidating, hostile, and offensive work environment, in violation of 42 U.S.C. § 2000e-5(f) *et seq*.

31. Lendmark's conduct further violated 42 U.S.C. § 2000e-5(f) *et seq*. in that:

A. Lendmark failed to provide Ms. Oliver with employment conditions and relationships where she could safely work, free from physical sexual harassment;

B. Lendmark failed to respond promptly and properly to Plaintiff's complaints of sexual harassment;.

C. Lendmark failed to take appropriate action when it knew or should have known of the sexual harassment and the hostile environment it had allowed; and

D. Lendmark failed to implement and enforce an effective anti-sexual harassment policy to its management, staff and employees.

## VI. SECOND TITLE VII CLAIM FOR RELIEF

### (Sex Discrimination)

32. All of the allegations of all of the preceding paragraphs are incorporated by reference.

33. Lendmark fired Ms. Oliver because of her sex, which is an employment practice made unlawful by Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e *et seq*.

34. Lendmark unlawfully discriminated against Ms. Oliver based on her sex, in violation of § 703 of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e-2(a).

## VII. THIRD TITLE VII CLAIM FOR RELIEF

### (Retaliation)

35. All of the allegations of all of the preceding paragraphs are incorporated by reference.

36. Lendmark fired Ms. Oliver because of her sex and in retaliation for having opposed an employment practice made unlawful by Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e *et seq*. — all in violation of Ms. Oliver's federally statutory rights.

37. Lendmark unlawfully discriminated and retaliated against Ms. Oliver based on her sex and because she opposed conduct which was made an unlawful practice by Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e, *et seq*., in violation of § 703 of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e-2(a), and § 704 of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e-3(a).

38. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Ms. Oliver has lost and will continue to lose substantial income including, but not limited to, wages, social security, pension and seniority benefits, and other benefits due her.

## VII. DAMAGES

39. As a further direct and proximate result of said unlawful employment practices, Ms. Oliver has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, and great humiliation.

40. As a further direct result of said unlawful employment practices, Ms. Oliver has suffered mental anguish, outrage, anxiety about her future and her ability to support herself, harm to her employability and earning capacity, painful embarrassment among her friends and co-workers, damage to her good reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

41. Ms. Oliver has suffered monetary damages in the amount over $25,000.00.

42. The aforesaid conduct of Lendmark and its employees was willful within the meaning of Title VII because Lendmark and its vice president and managers intentionally and knowingly created and tolerated the aforesaid pervasively hostile work environment by its supervisory and management staff. Lendmark has engaged in the discriminatory pattern and practices alleged herein with malice or with reckless indifference to Ms. Oliver's federally protected rights, and Lendmark is liable for punitive damages pursuant to Title VII.

WHEREFORE, Ms. Oliver respectfully requests this Court provide the following equitable and legal relief:

A. Order a permanent injunction prohibiting Lendmark from further acts of sex discrimination and sexual harassment;

B. Award Ms. Oliver reinstatement, appropriate back pay, future earnings, and reimbursement for income and fringe benefits lost from the date of her unlawful firing, plus interest so as to render Ms. Oliver whole from the unlawful firing;

C. Award Ms. Oliver costs of litigation, including reasonable attorney fees and witness fees;

D. Grant judgment against Lendmark, in excess of $25,000.00 compensatory damages to which Ms. Oliver is found to be entitled, together with interest;

E. Grant judgment against Lendmark, in excess of $25,000.00 punitive damages to which Ms. Oliver is found to be entitled;

F. A trial by jury on all issues so triable; and

G. Any other additional relief that is appropriate and just.

Respectfully submitted, this the 11th day of October, 2022.

                          SCHILLER & SCHILLER, PLLC

                    By:   /s/ David G. Schiller
                          David G. Schiller (N.C. Bar No. 26713)
                          304 East Jones Street
                          Raleigh, NC 27601
                          Telephone: (919) 789-4677
                          Facsimile: (919) 789-4469
                          Email: David@SchillerFirm.com

                          Attorney for Plaintiff